IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02754-MSK-KLM

BETTIE WEATHERSPOON,

    Plaintiff,

v.

PROVINCETOWNE MASTER OWNERS ASSOCIATION, INC., a Colorado nonprofit corporation, and
MSI, LLC,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Response to Order to Show Cause** [sic] **Production of Health Records** [Docket No. 38; Filed November 30, 2010]. Plaintiff is *pro se* and is challenging the Court's ruling at her deposition that she must produce her relevant medical records to Defendants by December 9, 2009 [Docket # 38]. Defendants have filed a response [Docket No. 50].

    Because Plaintiff is proceeding *pro se*, the Court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se*

1

litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I. Background

This case arises from a contentious relationship between Plaintiff, her neighbors, and her homeowners' association. Plaintiff brings claims pursuant to 42 U.S.C. §§ 804, 804(A)(B)(C), 3617 ("The Fair Housing Act"), and asserts that Defendants have violated her First Amendment rights. Among the numerous allegations made by Plaintiff are (1) Defendants discriminated against her based on her disability; (2) Defendants' citation of her for a noise violation aggravated her disability; (3) she has increased her medication and therapy; and (4) she has suffered embarrassment, humiliation, and emotional distress. *Complaint* [#1] at §§ 62-71, 74, 98, 100.

Because Plaintiff seeks emotional distress damages, the Court ordered her to produce her pre-incident and post-incident medical records pertaining to her emotional distress dating from January 21, 2001 to the present (the "Mental Health records").[1] Instead of producing the Mental Health records by December 9, 2009, as ordered by the Court, Plaintiff filed a "response" objecting to the Court's order.

Plaintiff asserts a number of arguments to support her assertion that her Mental Health records should not be disclosed to Defendants. First, Plaintiff asserts that she has not waived the physician-patient privilege because she had made a "generic" claim of emotional distress. *Docket* [#38] at 3. She also asserts that production of the records would violate the Privacy Act, 5 U.S.C. § 552a. *Id.* Plaintiff also believes that the records

---

[1] This Order was made during Plaintiff's deposition on November 9, 2009. *Response* [#50] Ex. A at 231, 236. Exhibit A is a copy of a partial transcript of the deposition of Plaintiff.

would not remain confidential and, as a result, her neighbors will retaliate against her. *Id.* at 3-4. Because she does not anticipate using an expert witness or health care provider, Plaintiff claims that she is not required to disclose the records. *Id.* at 4. Finally, she claims that the records are protected pursuant to the Health Insurance Portability and Accountability Act (HIPAA), the "Colorado Rape Shield law," and the Colorado Open Records Act. *Id.* at 5.

II. **Analysis**

A. **Relevancy**

As an initial matter, I address the relevancy of Plaintiff's Mental Health records regarding her emotional distress claim. Whether the records are relevant is a broad determination, the goal of which is to allow the parties to discover whatever is necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

Plaintiff's Mental Health records are relevant because she alleges that she suffered emotional distress due to the actions of Defendants. Plaintiff alleges that Defendants have

3

exploited her mental health and aggravated her medical condition, forcing her to increase her medication and therapy treatments. She also claims that Defendants discriminated against her because of her "mental disability." Plaintiff is seeking damages for emotional distress. During her deposition, she stated that she would produce a doctor and nurse to substantiate her claim. *Response* [#50] Ex. A at 218-219.

By raising an emotional distress claim, Plaintiff has put her medical condition at issue, and made her Mental Health records relevant. *Simpson*, 220 F.R.D. at 365; *Fox v. Gates Corp.,* 179 F.R.D. 303, 305 (D. Colo. 1998); *LeFave v. Symbios, Inc.,* No. 99-Z-1217, 2001 WL 1644154, at *4 (D. Colo. Apr. 14, 2000). Discovery of Plaintiff's Mental Health records is likely to lead to the discovery of other admissible evidence.

**B. Privilege**

Although Plaintiff's Mental Health records are relevant, they also may be privileged. In this Court, when federal law governs the rule of decision, federal common law governs the existence of privilege. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008) (unpublished decision). This case was brought pursuant to the Fair Housing Act, a federal statute, and the First Amendment of the United States Constitution. Therefore, federal common law governs whether the Mental Health records are privileged. *See, e.g.*, *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990); *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003); *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) ("We therefore hold that the federal law of privilege [applies in a federal question case], even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.")

There is no physician-patient privilege recognized by federal common law. *Walen*

4

*v. Roe*, 429 U.S. 589, 602 n. 28 (1977).  "Accordingly, the court's inquiry regarding the discoverability of plaintiff's general medical records is governed by relevancy standards contained in Fed. R. Civ. P. 26 and considerations of confidentiality," but not privilege. *LeFave*, 2000 WL 1644154, at *2.  I have already determined that Plaintiff's Mental Health records are relevant.  Moreover, by initiating this lawsuit and making a claim for emotional damages, Plaintiff has waived any applicable privacy rights. *See Windsor v. Aasen*, No.09-00947-REB-KMT, 2009 WL 5184170, at *1 (D. Colo. Dec. 18, 2009).

Plaintiff also asserts that she has not authorized the release of "psychotherapy notes/records." *Docket* #38 at 5.  I will assume that Plaintiff's intent is to assert the psychotherapist-patient privilege. That privilege applies in federal cases. *Jaffe v. Redmon*, 1, 12-13 (1996).  However, "[li]ike other testimonial privileges, the patient may of course waive the protection."  *Id.* at 15 n. 14.  A plaintiff waives the psychotherapist-patient privilege by placing her medical condition at issue. *Simpson*, 220 F.R.D. at 364; *see also Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases holding that privilege is waived when a party puts her medical condition at issue).

As noted above, Plaintiff seeks damages for emotional distress. She has placed her psychological condition at issue.  Thus, the psychotherapist privilege has been waived. Defendants are entitled to discovery of her psychotherapy records.  *See Fisher v. Southwestern Bell Tel. Co.*, No. 09-5046, 2010 WL 257305, at *3 (10th Cir. Jan. 25, 2010).

**C.     Privacy Act**

Plaintiff also asserts that requiring her to produce her Mental Health records violates a number of federal and state statutes.  First, she cites the Privacy Act, 5 U.S.C. § 552a. She claims that her records are maintained by the Veterans Administration, a federal

5

agency. Pursuant to the Privacy Act, Plaintiff asserts that an agency is not required "to disclose to any individual any information compiled in reasonable anticipation of a civil action or proceeding." *Response* [#38] at 3.

The Privacy Act provides a right of action against a government agency when records pertaining to an individual have been improperly disclosed by the agency. 5 U.S.C. § 552a; *Lee v. Dep't of Justice*, 413 F.3d 53, 55 (D.C. Cir. 2005). The Act prohibits agencies from disclosing "any record which is contained in a system of records" to an *unauthorized party*. 5 U.S.C. § 552a(b) (emphasis added). Here, the VA will disclose Plaintiff's Mental health records *to her*, so that she can transmit copies of them to defense counsel. Thus, disclosure by the VA to an "unauthorized party" is not involved. Also, the VA will not be improperly disclosing Plaintiff's Mental Health records as disclosure of such records is authorized by law and mandated by Court order, due to Plaintiff's pursuit of litigation regarding her emotional condition. Finally, Plaintiff has not cited any statutory provisions or case law to support her theory that the Privacy Act prohibits disclosure of Mental Health records in a civil proceeding.

### D. HIPPA

Plaintiff asserts that HIPPA, Pub. L. No. 104-91, 110 Stat. 1936, prohibits the release of Mental Health records in civil litigation. HIPAA was enacted to provide standards for protection of the privacy of medical information. *Wallin v. Dycus*, No. 03-00174, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009). Pursuant to the terms of HIPAA, "[a] covered entity, may not use or disclose protected health information, expect as permitted or required [by other statutory provisions]." 45 C.F.R. § 164.502(a). The covered entity may disclose medical information to the patient who is the subject of the records. 45 C.F.R. §

6

164.502(a)(1)(iv). Disclosure of a patient's medical information is permitted when it is requested by the patient. *Id.* Pursuant to this Order, Plaintiff is required to request copies of her Mental Health records for purposes of pursuing her lawsuit. Disclosure of Plaintiff's Mental Health records to her is not a violation of HIPAA, and production of copies of such records to Defendants is required by law if Plaintiff seeks to obtain damages for emotional distress. Plaintiff's argument regarding HIPAA have no merit.

### E. Colorado statutes

Without any factual or legal support, Plaintiff asserts that disclosure of her medical records would violate the "Colorado Rape Shield Law" and the Colorado Open Records Act. Colorado's rape shield statute, Colo. Rev. Stat. §18-3-407, provides that in rape and sexual assault cases, a victim's prior or subsequent sexual conduct is presumed to be irrelevant. *People v. McKenna*, 585 P.2d 275, 276 (Colo. 1978). Plaintiff has not identified what relevance this statute has in the present case. Plaintiff's allegations against Defendants do not include rape, and there has been no suggestion that Defendants intend to use Plaintiff's sexual conduct against her.

The Colorado Open Records Act ("CORA"), Colo. Rev. Stat. § 24-72-201, *et seq.* provides that "[a]ll public records shall be open for inspection by any person at reasonable times." "Public Records" means "all writing maintained, or kept by the state, any agency, institution ... or political subdivision of the state ... ." *Id.* § 24-72-202(6)(a)(I). CORA is not implicated here. Plaintiff's Mental Health records are not "public records" within the meaning of CORA. Moreover, such records are not maintained by any state government entity.

### III. Conclusion

7

Based on the foregoing, Plaintiff's objections to the Court's Order to produce her pre-incident and post-incident medical records pertaining to her emotional distress from January 21, 2001 to the present are **DENIED** and overruled. Therefore, on or before **April 15, 2010**, Plaintiff shall obtain copies of her Mental Health records and produce copies of the records to defense counsel.

Dated: March 15, 2010

                                                  BY THE COURT:

                                                  __s/ Kristen L. Mix_____
                                                  United States Magistrate Judge